# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY B MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01696-E-BN |
| | § | |
| VIRGINIA TALLEY DUNN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On June 26, 2023, Plaintiff Bradley B. Miller removed this proceeding from the 330th Judicial District Court of Dallas County, Texas, Cause No. DF-13-02616. (ECF No. 3). The Court construes Dunn's Response to Plaintiff's Emergency Motion for Injunction and Temporary Relief and Response to Court's Jurisdictional Inquiry as a motion to remand. (ECF No. 17 at 1, 3-7) ("This Court should dismiss this matter for lack of subject-matter jurisdiction and remand to state court."). Miller has responded and briefed the issue of jurisdiction and remand. (ECF Nos. 9; 10; 15; 18; 21). The Court expressed concerns regarding its jurisdiction and requested additional briefing on jurisdiction and whether Miller should be sanctioned. (ECF Nos. 13; 19). Miller has moved to recuse the presiding judicial officer, Judge Brown. (ECF No. 22). United States Magistrate Judge Horan has prepared a findings, conclusions, and recommendation on whether to sanction Miller. (ECF No. 33). The Parties have fully briefed the pertinent issues.

For the reasons enumerated hereunder, the Court **DENIES** Miller's Motion to Recuse. (ECF No. 22). The Court **ADOPTS** the findings, conclusions, and recommendation of Magistrate Judge Horan and thereby declines to sanction Miller. (*See* ECF No. 33). Last, the Court

**REMANDS** this case to the 330th Judicial District Court of Dallas County, Cause No. DF-13-02616 for lack of subject-matter jurisdiction.

## I. BACKGROUND

### A. The Underlying Suit Affecting Parent-Child Relationship

The instant removal stems from a divorce proceeding that included a suit affecting parent-child relationship (SAPCR), which began in 2013—DF-13-02616 in the 330th Judicial District Court of Dallas County (referred herein as the SAPCR Proceeding). (ECF No. 3 at 33).[1] As shown by the SAPCR docket, (ECF No. 3; 3-1), and Miller's Notice of Related Cases, (ECF No. 8), the Parties have frequently litigated issues relating to the SAPCR proceeding since 2013.[2] The Fifth District Court of Appeals of Dallas County, Texas has summarized pertinent aspects of this SAPCR:

> This case is one of many Mr. Miller has filed based on certain rulings the 330th District Court made against him in child-custody proceedings.[] Relevant to this appeal, Virginia Dunn filed for divorce against Mr. Miller in 2013. The 330th District Court presided over that divorce and entered a final divorce decree in April 2014. That decree included provisions governing the custody and possession of Mr. Miller's child with Ms. Dunn.
>
> The parties continued having disputes concerning custody, visitation, and support. And Ms. Dunn twice sought to have the 330th District Court modify the divorce decree's provisions on those issues. **Minutes before each of the hearings at which the 330th District Court would sign orders granting Ms. Dunn relief, Mr. Miller tried to obstruct proceedings by filing paperwork attempting to remove the case to federal court**. The 330th District Court nevertheless proceeded with the hearings and entered two orders—one in November 2016 and one in June 2018—modifying the parent-child relationship by restricting Mr. Miller's access to the child.

---

[1] The SAPCR docket indicates Dunn as the Petitioner and Miller as the Respondent. (ECF No. 3 at 33). Cases brought under the Family Code in Texas, such as SAPCRs, refer to Parties as Petitioner and Respondent instead of Plaintiff and Defendant. *See, e.g.*, Tex. Fam. Code Ann. § 102.008 (enumerating the same regarding contents of a SAPCR petition). Dunn is the Petitioner and Miller, the Respondent in the instant underlying proceeding. (ECF No. 3-1 at 35).

[2] *See also Dunn v. Miller*, 695 F. App'x 799, 800 (5th Cir. 2017) ("In 2013, Virginia Dunn filed a petition for divorce from Bradley Miller. An agreed judgment was entered in 2014[.]").

> Years later, Mr. Miller filed this lawsuit in the 134th District Court seeking a declaratory judgment stating that the 330th District Court's modification orders are void and that the judges who issued those orders are not immune from his lawsuits. Mr. Miller also sought to enjoin the 330th District Court's judges from issuing similar orders in the future. After conducting a preliminary hearing, the 134th District Court determined that it lacked jurisdiction and dismissed the case.

*Miller v. Plumlee*, No. 05-22-00090-CV, 2023 WL 3964010, at *1 (Tex. App. June 13, 2023) (mem. op.) (footnote omitted) (emphasis added in bold).[3]

As to this instant removal, the underlying proceeding is a SAPCR involving an Original Petition for Change of Name of Child, which Dunn filed May 24, 2022. (ECF No. 3 at 5; ECF No. 3-1 at 26). The SAPCR Proceeding docket shows Miller was served with citation on June 6, 2022. (ECF No. 3-1 at 26). The SAPCR Proceeding docket reflects a bench trial was to occur before Judge Andrea Plumlee on July 31, 2023 at 9:00 a.m.—the same date of Miller's notice of removal. (ECF No. 3-1at 31). Miller avers in briefing that:

> **On July 7, [sic[4]] 2023, at 8:33 a.m., Miller filed this Section 1443 removal action in this Court. (doc. 3.) At 8:55 a.m. on that day, Miller filed a Notice of Case Removal in the 330th Family District Court.** (See Miller's *Emergency Motion for Injunction and Temporary Relief*, filed in this Court on August 2, 2023.) The state court case was then removed to this federal Court, and the state could "proceed no further". 28 U.S. Code § 1446(d).

(ECF No. 14 at 1) (emphasis added in bold).

### B. Procedural History

Miller bases this removal on (i) 28 U.S.C. § 1443, which pertains to civil rights cases; (ii) 28 U.S.C. 1446(b), which enumerates the procedure for removal of civil actions; (iii) 28 U.S.C. § 1331, which enumerates federal courts' original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; (iv) 28 U.S.C. § 1343, which enumerates federal

---

[3] Miller noticed this Court as to this appeal in his Notice of Related Cases. (ECF No. 8 at 3).

[4] The record shows Miller's notice of removal was filed on July 31, 2023. (ECF No. 3 at 31).

courts' jurisdiction in regard to civil rights and elective franchise; (v) 28 U.S.C. 1367, which empowers federal courts to exercise supplemental jurisdiction; (vi) 15 U.S.C. 1601, *et seq.*, commonly referred to as the Truth in Lending Act;[5] and (vii) 31 U.S.C. § 3729, *et seq.*, commonly referred to as the False Claims Act. (ECF No. 3). Miller further generally asserts this Court has jurisdiction based on:

> the express authority to hear and adjudicate any questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and the Eleventh Amendment, the original Thirteenth Amendment, and Fourteenth Amendment to the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. *See also* the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (hereinafter "Federal Constitution").

(ECF No. 3 at 1-2). Miller's notice of removal contains no copy of service of process or pleadings. *See* 28 U.S.C.A. § 1446; (ECF No. 3, 3-1). Miller's notice of removal asserts claims for "Gender Discrimination, Violations of Equal Protection, Violations of Pre-Deprivation Due Process, and other Constitutional Violations" . . . [and] "State Law Claims Under 28 U.S.C. § 1367." (ECF No. 3 at 25-30). *Inter alia*, Miller seeks recovery of damages including those related to child support. (ECF No. 3 at 28-29).

Miller has briefed this Court's jurisdiction and remand. (ECF Nos. 9, 10, 11, 12, 14, 15, 18). Dunn has likewise briefed jurisdiction and specifically requested remand to the 330th Judicial District Court. (ECF No. 17).  On August 18, 2023, the Court expressed concern with jurisdiction and ordered briefing on (i) whether Miller's removal filings constitute bad faith and (ii) whether Miller should be sanctioned. (ECF No. 19). Miller next filed (i) fifty-nine documents that relate to the SAPCR Proceeding, (ECF No. 20); a response to the Court's August 18, 2023 order, (ECF No.

---

[5] Plaintiff makes reference to this statute as the Federal Consumer Protection Act. However, the Federal Consumer Protection Act is found at 15 U.S.C. §§ 1681, *et seq*.

21); and (iii) a motion to recuse the presiding judicial officer, Judge Brown, (ECF No. 22). Dunn has responded to the same. (ECF No. 27). Miller has replied on his motion to recuse. (ECF No. 29).

On September 8, 2023, the Court ordered a show cause hearing to occur before Magistrate Judge Horan on whether Miller should be sanctioned. (ECF No. 26). On September 26, 2023, Magistrate Judge Horan heard argument from the Parties. (ECF No. 31). Magistrate Judge Horan thereafter filed his findings, conclusions, and recommendation, which recommend the Court not sanction Miller. (ECF No. 33). The issues of recusal, sanction, and removal are ripe for the Court's adjudication.

## II.  LEGAL STANDARDS

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quotation marks omitted) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding*, 851 F.3d at 537 (citation and quotation marks omitted).

A defendant may remove from state court to federal court "any civil action brought in a State court [over] which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation marks omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

108-09 (21941). "The removing party bears the burden of showing that federal jurisdiction exists and removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Guiterrez*, 543 F.3d at 251.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule dictates that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913)).

### B. Removal Procedures

28 U.S.C. § 1446 governs the procedures regarding removal. Removal generally requires:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and *containing* a short and plain statement of the grounds for removal, together with *a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

28 U.S.C. § 1446(a) (emphasis added). Section 1446(b) requires a defendant to remove a state court case within thirty days of either: (i) the filing of the initial state court pleading if the case stated by that pleading is removable; or (ii) the receipt by the defendant of a copy of "an amended pleading, motion, order, or other paper" that makes the case removable. *See* 28 U.S.C. § 1446(b)(1-3).

### C. Judicial Officer Recusal Under 28 U.S.C. § 455

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A moving party must: "(1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin, (2) place the offending

event into the context of the entire trial, and (3) do so by an 'objective' observer's standard." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). "Motions brought under . . . § 455 . . . require recusal only for 'personal, extrajudicial bias.'" *United States v. Gonzalez*, 348 Fed. Appx. 4, 6 (5th Cir. 2009) (per curiam) (quoting *United States v. MMR Corp.*, 954 F.2d 1040, 1045-46 (5th Cir. 1992)); *see also United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) ("Under [§ 455], the alleged bias must be personal, as distinguished from judicial, in nature.") (citation omitted). "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992). Although § 455 "speaks in mandatory language," the Fifth Circuit has "recognized that the decision to recuse is committed to the sound discretion" of the judge. *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997).

### III.   ANALYSIS

The Court first addresses Miller's motion to recuse presiding judicial officer, Judge Brown. Second, the Court addresses whether sanction is appropriate for Miller. Third, the Court remands this proceeding.

**A. Miller's Motion to Recuse Judge Brown**

Miller's motion to recuse is based on the following allegations: (i) the Fifth Circuit reversed a determination that the Court adopted from Magistrate Judge Horan in *Miller v. Dunn, et al.*, 3:20-CV-00759 (N.D. Texas 2020),[6] *see Miller v. Dunn*, 35 F.4th 1007, 1008 (5th Cir. 2022); (ii) the 3:20-CV-00759 proceeding remains pending; (iii) 330th Judicial District Court Judge Andrea

---

[6] On March 31, 2020, this proceeding was referred to United States Magistrate Judge Horan in accordance with 28 U.S.C. § 636. On September 25, 2023, Magistrate Judge Horan filed a findings, conclusions, and recommendation, which recommend dismissal of Miller's claims. On October 3, 2023, Magistrate Judge Horan filed a supplemental findings, conclusions, and recommendation, which recommend denying Miller's motion to file an amended complaint.

Plumlee, Associate Judge Danielle Diaz,[7] and Judge Brown are members of the same sorority, Alpha Kappa Alpha; (iv) the Court's August 18, 2023 show cause order; (v) Judge Brown, Associate Judge Diaz, and Dunn are members of the Junior League of Dallas; and (vi) Miller proceeds as a pro se litigant. (ECF No. 22). In reply, Dunn further offers a new allegation of Judge Brown's bias in that attorney Shonn Brown (i) served on the Hockaday School Board, which Miller sued in the 3:20-CV-00759 proceeding, and (ii) was also a member of Alpha Kappa Alpha. (ECF No. 29).

First, the assignment of the case to the Court, the Court's orders, and the Court's consequent referral to Magistrate Judge Horan are not of an extrajudicial origin. "[E]vents occurring or opinions expressed in the course of judicial proceedings . . . . rarely require recusal." *Andrade*, 338 F.3d at 455 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As briefed, the Court's adjudicatory decisions cannot support recusal. Only when events or opinions derive from or relate to an extrajudicial source or otherwise demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible" can they warrant recusal. *Andrade*, 338 F.3d at 455.

Second, as to Miller's remaining allegations of extrajudicial events or opinions, none of Miller's allegations rise above remote, contingent, or speculative interest(s). *Matter of Billedeaux*, 972 F.2d at 106. Miller only speculates that Judge Brown shares "sorority and philanthropic connections" with Judge Plumlee, Judge Diaz, and Ms. Dunn that "present a very real possibility— or even the actual existence—of impartiality on the part of Judge Brown." (ECF No. 22 at 5). However, assuming these "connections" are true, Miller shows no evidence that demonstrates "deep-seated favoritism or antagonism that would make fair judgment impossible." *Andrade*, 338

---

[7] The Court takes judicial notice that Family District Court Associate Judge Danielle Diaz is the assigned associate judge for the 330th Judicial District Court of Dallas.

F.3d at 455. As to Miller's new arguments raised in his reply brief, "[r]eply briefs cannot be used to raise new arguments." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (citing *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008)). Thus, the Court declines to address those bases.[8] Miller has failed to carry his burden for recusal under § 455, and the Court DENIES Miller's motion for recusal. *See Andrade*, 338 F.3d at 455.

### B. Whether to Sanction Miller

On October 4, 2023, Magistrate Judge Horan entered a findings, conclusions, and recommendation. (ECF No. 33). After making an independent review of (i) the notice or removal, files, and records in this case, and (ii) the findings, conclusions, and recommendation of Magistrate Judge Horan dated October 4, 2023, the Court finds that the findings and recommendation of the Magistrate Judge are correct, and they are ACCEPTED as the findings, conclusions, and recommendation of the Court.[9] The Court shall enter no sanction as to Miller.

### C. Miller's Notice of Removal

It is incumbent upon any Party that seeks removal to federal court to meet the requirements of 28 U.S.C. § 1446. *See generally* 28 U.S.C. § 1446. Here, Miller fails to "file . . . a copy of all process, pleadings, and orders served upon [Miller]" in the underlying pleading. (ECF Nos 3, 3-1). Miller's notice of removal attaches no pleading(s), whatsoever. (ECF Nos. 3; 3-1). Miller further fails to include in his notice of removal "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Though Dunn avers to this failure in her briefing, (ECF No.

---

[8] Assuming *arguendo*, those allegations regarding attorney Shonn Brown, taken as true, similarly do not demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

[9] No Party filed any objections to Magistrate Judge Horan's findings, conclusions, and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

17 at 13), Miller offers no briefing or response. (*See generally* ECF No. 18). To the contrary, Miller's notice of removal avers "*there is no basis, need, or cause for inclusion of original state court pleadings* within the filing package for this removal to the United States District Court, *nor any need for inclusion of the entire state court record*." (ECF No. 3 at 8) (emphasis in original). The Court must conclude Miller's notice of removal is deficient.

Next, it is undisputed that Miller was served in the underlying proceeding on June 6, 2022. (ECF No. 3-1 at 26). Miller filed this removal on July 31, 2023. (ECF No. 3). Thus, Miller has waited 420 days from the date of his service in the underlying proceeding to file this removal—far in excess of the thirty-day limitation on a defendant's filing for removal. (*See* ECF No. 3; ECF No. 3-1 at 26); *see generally* 28 U.S.C. 1446(b).[10] Again, as Miller has failed to include any pleading, amended pleading, motion, order or other paper in the notice of removal from which it may first be ascertained that the case is one which is or has become removable, the Court must conclude Miller's notice of removal is deficient. *See* 28 U.S.C. 1446(b).[11]

Assuming *arguendo* the Court considers Miller's supplemental filings, (ECF No. 20), the Court would still reach the same result of remand. In the notice of removal, Miller seeks to assert "independent causes of action for direct removal." (ECF No. 3 at 22-30). However, no pleading in the record shows the SAPCR Proceeding became removable at any time. (*See* ECF No. 20).[12] The record contains only one pleading for affirmative relief—Dunn's Original Petition for Change of

---

[10] The SAPCR docket further shows Miller filed an "Answer – General Denial" the underlying proceeding on June 22, 2022. (ECF No. 3-1 at 26).

[11] Notwithstanding, the record shows Miller has defended himself in the action in SAPCR Proceeding and invoked the processes of the 330th Judicial District Court of Dallas County. (*See* ECF Nos. 3; 3-1; 20); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court.").

[12] *See generally* 28 U.S.C. 1446(b)(3).

Name of Child, which (i) includes corresponding consent from the minor child and (ii) asserts no federal claim. (ECF No. 20-2).

Thus, Dunn appears to assert—for the first time and only in his notice of removal—new claims that arise under federal law. (*See* ECF No. 3). Dunn directs the Court to no law that permits such a removal, and the Court has found none. To the extent that Miller seeks to assert new claims or counterclaims that arise under federal law, such claims cannot be considered in determining whether federal question jurisdiction exists over this removed case. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction"). Miller has not shown that the SAPCR Proceeding presented any federally-created cause of action, or that its right to relief depended on the resolution of a substantial question of federal law. (*See* ECF Nos. 20-21). None of the filings in Miller's supplement present any federally-created cause of action, or that its right to relief depended on the resolution of a substantial question of federal law. (ECF No. 20). Miller directs the Court to no such pleading. (ECF No. 21). On this record, Miller shows he has not filed any affirmative pleading for relief or cause of action in the SAPCR Proceeding. (*See* ECF No. 20). Miller conceded the same at the hearing before Magistrate Judge Horan—asserting the fifty-nine documents indicate disputes over discovery, witness testimony, and difficulty obtaining transcripts. (ECF No. 31 at 5-6). Miller has not met his burden to show federal question jurisdiction exists over this removed action. *Manguno*, 276 F.3d at 723; *see Guiterrez*, 543 F.3d at 251.

The Court doubts the propriety of Miller's removal to this Court. As Miller's notice of removal is deficient and the Court must "strictly construe[] and any doubt as to the propriety of

removal . . . in favor of remand," the Court REMANDS this proceeding to the 330th Judicial District Court of Dallas County, Cause No. DF-13-02616.

### IV.   CONCLUSION

For the reasons enumerated hereabove, the Court **DENIES** Miller's Motion to Recuse. (ECF No. 22). The Court **ADOPTS** the findings, conclusions, and recommendation of Magistrate Judge Horan and thereby declines to sanction Miller. (ECF No. 33). The Court immediately **REMANDS** this case to the 330th Judicial District Court of Dallas County, Cause No. DF-13-02616.

**SO ORDERED.**

27th day of March, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE